**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FATIMA LOURDE RODRIGUEZ GARAY; L.H.R., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4705 <br><br> Agency Nos. <br> A208-987-810 <br> A208-987-811 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025**
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Fatima Lourde Rodriguez Garay and her minor child—natives and citizens

of El Salvador—petition for review of a decision of the Board of Immigration

Appeals dismissing their appeal from an order of an immigration judge denying

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

In reviewing the Board's decision, "we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). "Where, as here, the [Board] has reviewed the [immigration judge's] decision and incorporated portions of it as its own, we treat the incorporated parts of the [immigration judge's] decision as the [Board's]." *Id.* (quoting *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)). We review the Board's factual findings for substantial evidence. *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). Under that standard, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the agency's asylum and withholding of removal determinations. An applicant who asserts that she faces persecution on account of a protected ground must show that the ground would be, for asylum, "one central reason," and for withholding, "a reason," for the persecution. *Garcia*, 988 F.3d at 1146; *see* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C). Those standards "address the persecutor's motive for persecuting the victim." *Garcia*, 988 F.3d at 1146 (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir.

2017)).

Petitioners assert they were persecuted because of Rodriguez Garay's feminist political opinion and her Christian religion. It was reasonable, however, for the agency to find that the gang members who tried to recruit her were motivated by neither. Rodriguez Garay testified that the gang members "wanted [her] to join them" in order for her to be "one of their wom[en]" who would "go around and do bad things like they do." When asked whether she had "done anything to cause this group to come after" her, she responded, "Just . . . not joining them." Although Rodriguez Garay testified that a gang member told her to "stop talking about" her faith, when asked whether the gang member who threatened her said "anything to [her] about [her] telling . . . people about God," she responded, "No." Petitioners emphasize that Rodriguez Garay "was able to withstand gang 'recruitment' due in large part to her Christian faith," but the nexus question is whether the alleged *persecutors* were motivated by a protected ground, not whether the applicant was. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1025 (9th Cir. 2023).

Petitioners argue that the Board erred by mistakenly reviewing for clear error whether the gang members' motives showed the required nexus. A persecutor's motive is a factual determination that the Board reviews for clear error, and whether that motive "meets the required nexus standard is a legal

3                                                                                    24-4705

determination that the [Board] is required to review de novo." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 n.2 (9th Cir. 2023). The Board applied the correct standards of review. The Board first "affirm[ed] the Immigration Judge's determination that [petitioners] did not establish the requisite nexus," and it made clear, in an explanatory parenthetical, that its review of the nexus determination was "de novo." The Board then went on to review the immigration judge's factual finding that the "alleged persecutors were not motivated by protected grounds," and it "discern[ed] no clear error in that finding." Petitioners assert that the sequencing of these sentences suggests that the Board reviewed the nexus determination only for clear error, but "[i]n the absence of some contrary indication in the Board's opinion, we do not presume that the Board has disregarded the law." *Hernandez v. Garland*, 52 F.4th 757, 773 (9th Cir. 2022). Petitioners also assert that the Board's explanation was inadequate, but it was "sufficient to enable a reviewing court to perceive that" the Board "has heard and thought and not merely reacted." *Li v. Bondi*, 139 F.4th 1113, 1124 (9th Cir. 2025) (quoting *Agonafer v. Sessions*, 859 F.3d 1198, 1206 (9th Cir. 2017)).

2. The agency's CAT determination was also supported by substantial evidence. To show eligibility for CAT protection, an applicant must demonstrate that her future harm will be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other

person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The Board agreed with the immigration judge's finding that "neither the written record nor the testimony establishes evidence of government actors in this case." That finding was reasonable. And as the immigration judge correctly noted, the country conditions report submitted by petitioners "indicates the police have had success enforcing the law against gang members as evidenced by the large number of suspected gang members in the . . . Salvadoran prisons."

The temporary stay of removal will remain in place until the issuance of the mandate. The motion for a stay of removal (Dkt. No. 3) is otherwise denied.

**PETITION DENIED.**